# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ARRON HARRIS § <br> § <br> v. § <br> § <br> ROSS STORES, INC., BLUMENTHAL § <br> DISTRIBUTING, INC., BAFANG § <br> FURNITURE CO., INC., and UNKNOWN § <br> DISTRIBUTION COMPANY § <br> § <br> v. § <br> § <br> ROSS PROCUREMENT COMPANY and § <br> ROSS STORES, INC. § | Civil Action No. 4:17-CV-00237 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Blumenthal Distributing, Inc.'s ("Blumenthal") Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. #53), Plaintiff Aaron Harris's ("Harris") Motion for Leave to file an Amended Pleading (Dkt. #54), Blumenthal's Motion to Quash (Dkt. #69), and Plaintiff's Motion for Continuance of Summary Judgment Pursuant to Rule 56(d) and to Extend Discovery Deadlines (Dkt. #70). After reviewing the relevant pleadings and motions, the Court finds the that Blumenthal's Motion to Dismiss should be denied, Plaintiff's Motion for Leave should be granted, Blumenthal's Motion to Quash should be granted, and Plaintiff's Motion for Continuance and to Extend Discovery Deadlines should be granted.

### BACKGROUND

On or about September 14, 2015, Plaintiff visited a Defendant Ross Store, Inc. ("Ross") retail store and sat in a chair allegedly manufactured and distributed by Blumenthal to be sold in

the Ross store.[1] While sitting in the chair, the chair broke causing Plaintiff to fall to the floor and sustain alleged injuries. After the incident, Plaintiff informed Ross of his injuries and Ross completed an incident report. Plaintiff alleges that in the incident report Ross acknowledged the need to preserve the chair as evidence. Despite this, Plaintiff claims that Ross intentionally or recklessly disposed of the chair.

On January 27, 2017, Plaintiff initiated suit in state court. On April 7, 2017, Ross removed the case to federal court. On August 23, 2017, Plaintiff filed his Second Amended Complaint (Dkt. #37). In his Second Amended Complaint, Plaintiff alleged, in pertinent part, a product liability claim based on an alleged manufacturing defect. Subsequently, Blumenthal filed its Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. #53) alleging that Plaintiff's Second Amended Complaint failed to provide fair notice of Plaintiff's claims and contained conclusory allegations. In his response (Dkt. #54), Plaintiff sought leave to file an amended pleading. Germanly, Plaintiff's Third Amended Complaint adds a failure to warn element to his product liability cause of action (Dkt. #54, Exhibit 1 at pp. 12–13). Blumenthal filed its reply on February 7, 2018, arguing that allowing Plaintiff's request for leave "is prejudicial to Defendant, made in bad faith, and under a dilatory motive to keep Defendant Blumenthal in the lawsuit as an 'extra pocket.'" (Dkt. #56 at p. 4).

On February 13, 2018, Ross and Plaintiff conducted depositions of the following Blumenthal employees: Fred Rueda ("Rueda"), Executive Vice President of Sales; Steve Harris ("Harris"), Product Manager; Katheryn Cook ("Cook"), Product Manager; and Lili Ghavami ("Ghavami"), Director of Finance. On February 14, 2018, Blumenthal filed its Motion for

---

[1] Alternatively, Plaintiff alleges that Bafang Furniture Co, Inc. ("Bafang") manufactured the chair and Ross Procurement Company purchased the chair from an unknown distribution company and delivered the chair to the Ross store.

Summary Judgment maintaining that it never distributed the chair in question (Dkt. #66). On March 5, 2018, Plaintiff filed an opposed motion to extend the deadline to respond (Dkt. #67), which the Court granted (Dkt. #68). In its order, the Court extended Plaintiff's response deadline until March 19, 2018 (Dkt. #68).

On March 7, 2018, counsel for Plaintiff, Ross, and Blumenthal engaged in email communications regarding taking additional depositions of Blumenthal employees and representatives (Dkt. #70, Exhibit 1). Specifically, counsel for Ross alleged that a Blumenthal sales persons/liaison admitted to a Ross buyer that Blumenthal distributed the chair in question (Dkt. #70 at Exhibit 1). Counsel for Ross identified this admission as coming from Frank Blair ("Blair"), Blumenthal's Regional Sales Manager. Further, counsel for Ross pointed to Rueda's deposition transcript where Rueda identified Blair as the person with the most knowledge regarding the sale of chairs to Ross. Until Rueda's deposition, Blumenthal allegedly never identified Blair as someone with relevant knowledge.

On March 8, 2018, Ross[2] served subpoenas on and noticed the depositions of Richard Blumenthal ("R. Blumenthal"), President of Blumenthal Distributing; Jennifer Blumenthal ("J. Blumenthal"), Corporate Vice President of Human Resources Risk Management; and Blair (Dkt. #69, Exhibit 1). Later that day, Plaintiff cross-noticed the same depositions (Dkt. #69, Exhibit 2). The subpoenas and notices commanded R. Blumenthal, J. Blumenthal, and Blair to appear in Dallas, Texas on March 13, 2018, for depositions. On March 9, 2018, Blumenthal filed its Motion to Quash all three depositions (Dkt. #69). To support its motion, Blumenthal argued that the three business-day notice did not allow reasonable time to comply and that the subpoenas required all three individuals to travel beyond the geographical limits of Rule 45(c), incur

---

[2] The Court recognizes that Ross Procurement, Inc. ("RPI") joined Ross in serving subpoenas and notice of depositions; however, for simplicity sake the Court refers to both parties collectively as Ross.

substantial expense, and subjected them to undue burden. Further, Blumenthal claimed that the noticed individuals contained limited knowledge of the case.

On March 14, 2018, Plaintiff filed his Motion for Continuance of Summary Judgment Pursuant to Rule 56(d) and to Extend Discovery Deadlines (Dkt. #70). In his motion, Plaintiff argued that further discovery is necessary to his ability to provide a meaningful response to Blumenthal's motion for summary judgment. On March 15, 2018, Blumenthal filed its response (Dkt. #71) contending that additional discovery will not create a genuine issue of material fact. On March 19, 2018, Plaintiff filed his reply (Dkt. #72) claiming that a genuine issue of material fact exists as to whether Blumenthal provided adequate warnings regarding the chair's intended use and/or weight capacity. On March 20, 2018, Blumenthal filed its sur-reply (Dkt. #73) contending that Plaintiff failed to plead a failure to warn claim and even if such a claim exists, it cannot survive summary judgment because inspection of the chair is impossible given Ross' alleged destruction of it.

**LEGAL STANDARD**

**I. Motion for Leave**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins.*

*Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600,

603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### III. Motion to Quash

Under Federal Rule of Civil Procedure 45(d)(3)(A), a court is required to quash or modify a subpoena that: (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides, is employed, or regularly transacts business in person; (3) requires disclosure of a privileged or protected matter; or (4) subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of proof to

6

demonstrate that "compliance with the subpoena would be unreasonable and oppressive." *Id.* at 818 (citations omitted).

**IV.     Motion for Continuance of Summary Judgment Pursuant to Rule 56(d)**

Under Rule 56(d), if a summary judgment non-movant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). "[Rule 56(d)] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Obtaining a continuance for purposes of conducting discovery requires a party to:

> specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence. The non-moving party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment. If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.

*Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720–21 (5th Cir. 1999) (citations omitted).

**ANALYSIS**

As explained above, pending before the Court are four separate motions. The Court first addresses Plaintiff's Motion for Leave followed by Blumenthal's Motion to Dismiss and Motion to Quash, and lastly, Plaintiff's Motion for Continuance and to Extend Discovery Deadlines.

**I.     Motion for Leave**

In response to Plaintiff's request for leave, Blumenthal argues that leave is unwarranted because it would cause undue delay, is prejudicial, made in bad faith, is under a dilatory motive,

7

and is futile. The Court disagrees. Blumenthal contends that granting leave would result in undue delay because Plaintiff seeks to add a new theory—failure to warn—after the expert designation and discovery deadline expired. As a result, Blumenthal claims that adding such a claim impacts its ability to adequately prepare for trial. As discussed later, the Court is extending discovery in this case. As such, Blumenthal's undue delay argument is moot.

Blumenthal avers that because Plaintiff's first and second amended complaints alleged a manufacturing defect and Plaintiff did not seek to raise a failure to warn claim until Blumenthal filed its motion to dismiss, Plaintiff's request is prejudicial, made in bad faith, and under a dilatory motive to keep Blumenthal in the lawsuit as an "extra pocket." (Dkt. #56 at p. 4). The Court is unpersuaded. Because the Court is extending discovery deadlines, the Court finds that prejudice, if any, is minimal. Further, the Court does not find that Plaintiff is acting in bad faith or under a dilatory motive.

Finally, Blumenthal argues that Plaintiff's amended complaint is futile because "Plaintiff stated no basis that the Chair broke due to any overloading." (Dkt. #56 at p. 4). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility exists when the amended complaint "fail[s] to state a claim upon which relief could be granted." *Id.* at 873; *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016). In determining futility, the Court applies "the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)." *Id.* As such, the question "is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Stripling*, 234 F.3d at 873 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). After reviewing Plaintiff's third

amended complaint (Dkt. #54, Exhibit 1), the Court finds that Plaintiff pleaded a plausible failure to warn claim. As such, the Court finds that Plaintiff's amendment is not futile.

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

On January 19, 2018, Blumenthal filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) (Dkt. #53). As explained above, the Court finds granting Plaintiff leave to file his Third Amended Complaint is appropriate. As a result of Plaintiff's Third Amended Complaint, Blumenthal's motion to dismiss is moot.

## III. Motion to Quash

On March 8, 2018, Ross served subpoenas on and noticed the depositions of R. Blumenthal, J. Blumenthal, and Blair (Dkt. #69, Exhibit 1). Later that same day, Plaintiff cross-noticed the depositions of the same individuals. The subpoenas and notices commanded R. Blumenthal, J. Blumenthal, and Blair to appear in Dallas, Texas on March 13, 2018, for depositions. On March 9, 2018, Blumenthal filed a Motion to Quash all three depositions (Dkt. #69). In its motion, Blumenthal made three arguments for why quashing the depositions is warranted: (1) the subpoenas do not allow a reasonable time to comply; (2) the subpoenas require the deponents to travel beyond the geographical limits of Rule 45(c); and (3) the subpoenas impose an undue burden on all three individuals. Neither Ross nor Plaintiff filed a response to Blumenthal's motion.[3]

Pursuant to Federal Rule of Civil Procedure 45(c), a subpoena may command a person to attend a deposition (a): "within 100 miles of where the person resides, is employed, or regularly transacts business in person;" or (b) "within the state where the person resides, is employed, or

---

[3] Pursuant to Local Rule CV–7, "a party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents." LOCAL RULE CV–7(e). "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by a movant and has no evidence to offer in opposition to the motion." LOCAL RULE CV–7(d).

regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1)(A)-(B).

Here, the subpoenas and notices command R. Blumenthal, J. Blumenthal, and Blair to appear in Dallas, Texas. Regarding R. and J. Blumenthal, both "reside, are employed, and regularly transact business in Ontario, California, which is approximately 1,400 miles from the Dallas TX deposition location."[4] (Dkt. #69 at ¶ 16(c)). Further, "Blair resides, is employed, and regularly transacts business in West Islip, NY, which is approximately 1,600 miles from the Dallas, TX deposition location."[5] (Dkt. #69 at ¶ 16(b)). Because the subpoenas require R. Blumenthal, J. Blumenthal, and Blair to travel beyond the geographical limited specified in Rule 45(c), the Court finds that Blumenthal's motion to quash should be granted.[6] *See* FED. R. CIV. P. 45(d)(3).

## IV. Motion for Continuance of Summary Judgment Pursuant to Rule 56(d)

In its Motion for Summary Judgment (Dkt. #66), Blumenthal argues that summary judgment is warranted because Blumenthal never distributed the chair at issue and there is insufficient evidence to create a genuine issue of material fact on whether a manufacturing defect exists. Counsel for Plaintiff, in an affidavit, explains that taking the depositions of R. and J. Blumenthal, Blair, and certain Ross corporate representatives with knowledge of the alleged admission from the Blumenthal employee provides Plaintiff with answers to whether Blumenthal distributed the chair made the basis of this suit and the circumstances surrounding the alleged admission that Blumenthal distributed that chair at issue (Dkt. #70 at pp. 9–14). Further, counsel

---

[4] Because neither Ross nor Plaintiff filed a response to Blumenthal's motion to quash, a presumption exists that Ross and Plaintiff do not controvert the facts set out by Blumenthal. *See* LOCAL RULE CV–7(d).
[5] Because neither Ross nor Plaintiff filed a response to Blumenthal's motion to quash, a presumption exists that Ross and Plaintiff do not controvert the facts set out by Blumenthal. *See* LOCAL RULE CV–7(d).
[6] Although Blumenthal request that the Court impose sanctions on Ross and Plaintiff, the Court finds declines to do so.

for Plaintiff contends that a continuance is warranted because during discovery neither Ross nor Blumenthal disclosed Blair as an individual with relevant knowledge, Blair's existence did not come to light until Rueda's deposition on February 13, 2018, and when Plaintiff cross-noticed Blair, Blumenthal moved to quash the deposition.

Blumenthal responds that allowing the aforementioned depositions does not create a genuine issue of material fact because the individuals do not have direct knowledge regarding any manufacturing or product defect. Further, Blumenthal claims that Blair denies admitting that Blumenthal distributed the chair to Ross.

The brunt of Blumenthal's arguments is that additional discovery will not create a genuine issue of material fact as to Plaintiff's manufacturing defect. However, because the Court is granting Plaintiff leave to file his Third Amended Complaint, which adds a failure to warn claim, the Court must determine whether additional discovery supports not only the manufacturing defect claim but also the failure to warn claim. Without determining whether additional discovery supports the former, the Court finds that additional discovery may lead to creating a genuine issue of material fact as to the latter. As such, the Court finds that Plaintiff's motion for continuance and extension of discovery should be granted.

**V.     Extension of Discovery Deadlines**

Because the Court is granting Plaintiff leave, the Court will allow Blumenthal to file supplemental briefing on its motion for summary judgment. However, the Court is also extending the dispositive motions deadline if Blumenthal would rather file a new dispositive motion. Further, the Court will permit Defendants to designate a rebuttal expert as to Plaintiff's failure to warn claim. As such, the Court will enter an amended scheduling order separate from this order.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Leave (Dkt. #54) is hereby **GRANTED**. As such, Plaintiff's Third Amended Complaint (Dkt. #54, Exhibit 1) is deemed filed on February 2, 2018.

It is further **ORDERED** that Blumenthal's Motion to Dismiss (Dkt. #53) is here **DENIED as moot**.

It is further **ORDERED** that Blumenthal's Motion to Quash (Dkt. #69) is hereby **GRANTED**. As such, the Court quashes Ross and Plaintiff's depositions of Richard Blumenthal, Jennifer Blumenthal, and Frank Blair.

It is further **ORDERED** that Plaintiff's Motion for Continuance of Summary Judgment and to Extend Discovery Deadlines (Dkt. #70) is hereby **GRANTED**. Additionally, the Court will enter an amended scheduling order.

**SIGNED this 4th day of April, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE