# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ARRON HARRIS § | |
| § | |
| § | Civil Action No. 4:17-CV-00237 |
| v. § | Judge Mazzant |
| § | |
| ROSS STORES, INC., BLUMENTHAL § | |
| DISTRIBUTING, INC., BAFANG § | |
| FURNITURE CO., INC., and UNKNOWN § | |
| DISTRIBUTION COMPANY § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Blumenthal Distributing, Inc.'s ("Blumenthal") Motion for Summary Judgment (Dkt. #66) and Supplement (Dkt. #81) thereto. After reviewing the relevant pleadings and motion, the Court finds that the motion should be denied in part.

## BACKGROUND

On or about September 14, 2015, Plaintiff visited a Defendant Ross Store, Inc. ("Ross") retail store and sat in a chair allegedly manufactured and distributed by Blumenthal to be sold in the Ross store.[1] While sitting in the chair, the chair broke causing Plaintiff to fall to the floor and sustain alleged injuries. As a result, on January 27, 2017, Plaintiff filed suit in state court against Ross and Blumenthal. On April 7, 2017, Ross removed the case to federal court.

On August 23, 2017, Plaintiff filed his Second Amended Complaint (Dkt. #37) adding RPI, Bafang, and UDC as Defendants. Additionally, in his Second Amended Complaint Plaintiff asserted, in pertinent part, claims against Blumenthal for negligence and manufacturing defect

---

[1] Alternatively, Plaintiff alleges that Bafang Furniture Co, Inc. ("Bafang") manufactured the chair and Ross Procurement, Inc. ("RPI") purchased the chair from an unknown distribution company ("UDC") and delivered the chair to the subject Ross store.

(Dkt. #37). On February 14, 2018, Blumenthal filed its motion for summary judgment requesting the Court dismiss such claims because Blumenthal did not distribute the chair at issue and the chair did not contain a manufacturing defect (Dkt. #66). Subsequently, the Court granted Plaintiff leave to file a Third Amended Complaint (Dkt. #74), which added, in pertinent part, a claim for failure to warn[2] (Dtk. #54, Exhibit 1). Because the Court granted such leave, the Court allowed Blumenthal the ability to supplement its motion for summary judgment. As a result, on May 4, 2018, Blumenthal filed its Supplement to Motion for Summary Judgment (Dkt. #81) where it argued that Plaintiff's failure to warn claim warranted dismissal. On May 25, 2018, Plaintiff filed its response to both Blumenthal's Motion for Summary Judgment and Supplement (Dkt. #95). On June 1, 2018, Blumenthal filed its reply (Dkt. #100).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or

---

[2] A failure to warn claim may also be referred to as a marketing defect claim.

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Blumenthal avers that Plaintiff's negligence, manufacturing defect, and failure to warn claims warrant dismissal (Dkt. #66; Dkt. #81). Further, Blumenthal claims that it is entitled to its

attorney's fees in defending this suit (Dkt. #66; Dkt. #81). Plaintiff responds that a genuine issue of material fact exists as to its negligence and failure to warn claims[3] (Dkt. #95). Further, Plaintiff responds that Blumenthal is not entitled to attorney's fees (Dkt. #95). The Court addresses Plaintiff's negligence claim, failure to warn claim, and Blumenthal's request for attorney's fees in turn.

### I. Plaintiff's Negligence Claim

Blumenthal avers that Plaintiff's negligence claim warrants dismissal because Blumenthal did not distribute the chair in question and therefore, Blumenthal did not owe a duty to Plaintiff. Plaintiff responds that such argument fails because Blumenthal relies on conclusory and inadmissible evidence. In other words, Plaintiff contends that Blumenthal did not clearly establish that it did not distribute the chair at issue.

The party seeking summary judgment bears the initial burden of informing the Court of its motion and identifying "depositions, documents . . . affidavits or declarations" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. Conclusory allegations and denials along with unsubstantiated assertions are insufficient summary judgment evidence. *See TGI Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 755, 759 (5th Cir. 2002). Pursuant to Texas law, to succeed on a claim for negligence, a plaintiff must establish "(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003)).

In his deposition, Plaintiff describes the chair he sat on as "grayish" in color (Dkt. #66, Exhibit 5 at p. 5). Based on a picture of the chair, Blumenthal characterizes it as "dark olive green

---

[3] Plaintiff no longer contends that Blumenthal is a manufacturer or liable for any alleged manufacturing defect (Dkt. #95 at pp. 3–4).

or grayish in color." (Dkt. #66 at p. 6). A purchase order states that Blumenthal distributed "Tan-Beige-Fawn" colored chairs to Ross (Dkt #66, Exhibit 4). Based on the alleged differences in color, Blumenthal contends that it never distributed the chair and therefore, did not owe Plaintiff a duty.[4]

The Court finds that Blumenthal failed to meet its initial burden of demonstrating the absence of a genuine issue of material fact. Based on the photograph of the subject chair, the Court finds a fact issue exists as to whether the chair is a "Tan-Beige-Fawn," "dark olive green," or "grayish" color. The Court declines to rule as a matter of law that Blumenthal did not distribute the chair based on whether it is one obscure and indistinct color or another. Such a determination is better left for a jury. As such, the Court finds that Blumenthal's motion as it relates to Plaintiff's negligence claim should be denied.

## II. Plaintiff's Failure to Warn/Marketing Defect Claim

Blumenthal argues that Plaintiff's failure to warn claim fails for four reasons: (1) "Blumenthal had no duty to warn of the risk of collapse of a chair from extreme amounts of weight, because the risk is open and obvious, and common knowledge;" (2) "[t]here is no evidence that the Chair had a marketing defect;" (3) "[a] lack of a maximum weight capacity label on the Chair does not render it unreasonably dangerous;" and (4) "[t]he alleged lack of warning did not cause Plaintiff's injuries, because Plaintiff nevertheless would have ignored any adequate warning if there was one on the Chair." (Dkt. #81 at p. 10). Plaintiff responds that genuine issues of

---

[4] Blumenthal additionally relies on the affidavit of Fred Rueda, Executive Vice President of Blumenthal, which states that "Blumenthal never distributed the Chair in this photo" or "any similar chairs in this olive green/grayish color." (Dkt. #66, Exhibit 8 at p.2). Further, according to Rueda, the "'Tan-Beige-Fawn' listed on the purchase order does no[t] match the color of the Chair in the photo." (Dkt. #66, Exhibit 8 at p. 2). Because such statements are conclusory and unsubstantiated, the Court declines to consider Rueda's affidavit as proper summary judgment evidence. *See TGI*, 276 F.3d at 759.

5

material fact exists regarding the duty, breach, and causation elements of his failure to warn claim. The Court addresses each argument in turn.

Blumenthal claims that there is no duty to warn of overloading because such a risk is open and obvious. Specifically, Blumenthal avers that "Plaintiff's extremely excess weight, combined with day-to-day life experiences that not all seating surfaces can accommodate a person of such excessive weight, should suffice as a warning to be cautious and selective on the type of seating surface one chooses to sit on." (Dkt. #81 at p. 6). Stated differently, "[i]t is open and obvious to anyone who observes an accent chair that excess weight could cause it to collapse and break." (Dkt. #81 at p. 6). Plaintiff avers that insufficient evidence exists to find that such a risk is open and obvious as a matter of law (Dkt. #95 at pp. 12–14).

"A defendant's failure to warn of a product's potential dangers when warnings are required is a type of marketing defect." *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997). "A marketing defect occurs when a defendant knows or should know of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use." *Keene v. Sturm, Ruger, & Co., Inc.*, 121 F. Supp. 2d 1063, 1069 (E.D. Tex. 2000). A marketing defect claim consists of five elements:

> (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury.

*Id.* A threshold requirement of a failure to warn/marketing claim is a duty to warn. *Id.* Such a duty ceases to exist "when a product's risks are within the ordinary common knowledge of the community" or the risk is obvious. *Painter v. Momentum Energy Corp.*, 271 S.W.3d 388, 410

(Tex. App.—El Paso 2008, pet. denied). In other words, "there is only a duty to warn or instruct concerning risks of which the consumer is unware." *Id.* at 411 (citing *Caterpillar Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995)). "The consumer's perspective is that of an ordinary user of the product, not necessarily the same as that of an ordinary person unfamiliar with the product." *Sauder Custom Fabrication, Inc. v. Boyd*, 967 S.W.2d 349, 351 (Tex. 1998). "The existence of a duty to warn of dangers or instruct as to the proper use of a product is a question of law." *Keene*, 121 F. Supp. 2d at 1069. "Likewise, '[w]hether a danger is open and obvious as a matter of law is an objective question for the court to determine.'" *Painter*, 271 S.W.3d at 411 (quoting *Lozano v. H.D. Indus., Inc.*, 953 S.W.2d 304, 314 (Tex. App.—El Paso 1997, no pet.)).

Blumenthal asserts that "[t]he risk of collapse due to overload is well known to the community as to be beyond dispute." (Dkt. #81 at pp. 6–7). Plaintiff responds that such a finding is unsupported by dispositive case law and that Plaintiff did not notice any obvious defect in the chair.[5] The Court cannot find, and neither party cites to, case law in the marketing defect context where a court decided whether a risk that a chair may collapse under an excessive amount of weight is open and obvious. The Court recognizes that the broad generalization that "overloading a chair will cause it to collapse" may be common knowledge in certain circumstances. However, what constitutes "overloading" is dependent upon the facts of each case, i.e. the weight of the individual and/or the construction, age, and material of the chair. As such, although the broad concept that

---

[5] Plaintiff, in an affidavit attached to his response (Dkt. #95, Exhibit 2), states that he "looked at the chair before he sat in it" and "did not see any chipping in the wood, any missing pieces to the chair or anything that would have given [him] any concern for sitting in the chair." (Dtk. #95, Exhibit 2 at ¶¶ 4–5). Blumenthal argues that Plaintiff's affidavit constitutes a "sham affidavit" because it contradicts Plaintiff's earlier deposition testimony where Plaintiff represented that prior to sitting in the chair he did not inspect it. *See* (Dkt. #81, Exhibit 3 at p. 8). As such, the Blumenthal requests that the Court strike Plaintiff's affidavit. "Under the 'sham affidavit rule,' a party cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his prior testimony." *Hovanas v. Am. Eagle Airlines, Inc.*, No. 3:09-CV-0209-B, 2010 WL 1993271, at *2 (N.D. Tex. May 18, 2010) (citing *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984)). The Court finds that Plaintiff's affidavit, without explanation, contradicts prior testimony. As a result, the Court strikes such statements and does not consider them in its analysis.

too much weight can cause a chair to break seems open and obvious, whether an individual should realize that his or her weight may cause a chair to collapse is dependent on the facts surrounding the situation. As explained earlier, it is for the Court to determine whether a duty to warn exists and whether a risk is open and obvious. Here, the Court finds it appropriate to defer ruling on these questions until a jury decides the facts surrounding the incident in question. Accordingly, the Court declines to make a ruling on the existence of a duty to warn, if any, and whether any risk was open and obvious until the conclusion of the trial.

Regarding Blumenthal's additional arguments, the Court is not convinced that Blumenthal has met its burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law. As such, the Court finds that Blumenthal's motion as it relates to Plaintiff's failure to warn claim should be denied.

## III.  Request for Attorney's Fees

Blumenthal makes two requests for attorney's fees. The first is in its motion for summary judgment where it states that it is "entitled to attorney fees in the amount of $70,000 as a matter of law." (Dkt. #66 at p. 7). The second is in its reply where it claims an award of such fees is justified pursuant to Federal Rule of Civil Procedure 56(h) (Dkt. #100 at p. 10). Regarding the former, Blumenthal omits any reference, whether in its briefing or attached affidavits, as to what law supposedly entitles it to an award of attorney's fees. Instead, Blumenthal merely asserts that fees totaling $70,000 are reasonable for the services performed. As such, the Court declines to award attorney's fees without reference to any legal authority to do so.

Concerning the latter, Blumenthal relies on Rule 56(h), which states, in pertinent part, that if an affidavit "is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses,

including attorney's fees, it incurred as a result." FED. R. CIV. P. 56(h). As discussed in footnote five, the Court struck portions of Plaintiff's affidavit due to its contradictions with Plaintiff's prior testimony. Although the Court made such a finding, the Court declines to rule that Plaintiff submitted such affidavit in bad faith or solely for delay. As such, the Court denies Blumenthal's second request for attorney's fees.

## CONCLUSION

It is therefore **ORDERED** that Blumenthal's Motion for Summary Judgment (Dkt. #66) and Supplement (Dkt. #81) thereto are hereby **DENIED in part**. Specifically, the Blumenthal's motion is denied in its entirety except as it relates to the existence of a duty to warn, if any, and whether any risk is open and obvious. The Court defers ruling on such issues until the conclusion of trial.

**SIGNED this 24th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE